Joshua A. Douglass, esq.

122 Rte. 44

PO Box 481

Millerton, NY 12546

Jdjusticemillerton@gmail.com

845-763-3635

*Pro Se* Attorney for Joshua A. Douglass

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In re: | Case No. 22-10353 (MG) |
| JULIANNE MICHELLE REEVES, | Chapter 7 |
| Debtor. | |

_____

| | |
|---|---|
| KARL REEVES, for himself and as legal custodian | |
| Of his minor child, A.R. | Adv. Proc. No. 23-01028 (MG) |
| Plaintiff, | |
| V. | |
| JULIANNE MICHELLE REEVES and | |
| JOSHUA A. DOUGLASS | |

_____

DECLARATION IN OPPOSITION TO MOTION FOR DAMAGES INQUEST AGAINST DEFENDANT JOSHUA A. DOUGLASS

Joshua A. Douglass declares as follows under the penalty of perjury under the laws of the United States of America:

1. I make this Declaration as my direct testimony in opposition to the motion for damages inquest against defendant Joshua A. Douglass ("Douglass"), in opposition to the Corrected Memorandum Opinion and Order Granting in Part Motion for Default Judgment (the "Opinion") [Adv. Pro. Dkt. No. 38] and the Order Scheduling Damages

Inquest as Result of Default Judgment Against Joshua Douglass (the "Scheduling Order") [Adv. Pro. Dkt. No. 49], which scheduled a damages inquest against Douglass.

2. With respect to counsel fees, the general rule in New York (i.e., the American Rule) is that counsel fees are merely an incident of litigation and not recoverable absent a specific contractual provision or statutory authority (*see* Saul v Cahan, 153 AD3d 951, 952; Chicago Tit. Ins. Co. v LaPierre, 140 AD3d 821, 822).

3. Here, no party points to an agreement providing for an award of counsel fees.

4. The plaintiff has not argued that this Court should apply an exception to the general rule and this record does not warrant any such exception (*see generally* Matter of John T., 42 AD3d 459, 463; Omanoff v United Pickle Co., 63 AD2d 892, 892-893).

5. Fees and costs are not recoverable "unless the sole motivation of the malicious acts complained of constituted a disinterested malevolence on the defendant's part." Wei Su v. Sotheby's, Inc. 17-CV-4577 (VEC) (S.D.N.Y. Feb. 7, 2024); *quoting* Green v. Fischbein Olivieri Rozenholc & Badillo, 119 A.D.2d 345, 351 (1st Dep't 1986).

6. Thus, as Plaintiff has not, and cannot, prove such disinterested malevolence, and since he has merely sought damages for his legal fees, there can be no damages assessed.

Dated: Millerton, NY                                        /s/ Joshua A. Douglass
March 15, 2024